IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ATLANTIC CASUALTY INSURANCE COMPANY                                    PLAINTIFF

v.                                        Civil No. 4:15-cv-04103

PARADISE CLUB; ISMAEL ARANDA; and                                     DEFENDANTS
BRANDI COODY

# ORDER

Before the Court is Separate Defendants'[1] Motion for Relief from Default Judgment. (ECF No. 16). Plaintiff has not responded to the motion, and the time for response has passed. The Court finds this matter ripe for consideration.

Plaintiff filed a Complaint for Declaratory Judgment against Separate Defendants on October 7, 2015. (ECF No. 1). The declaratory judgment action seeks a judgment declaring that Plaintiff's insurance policy affords no liability coverage for the benefit of Separate Defendants. In addition, Plaintiffs are seeking a declaration that Plaintiff has no obligation to provide a defense for Separate Defendants in the underlying lawsuit filed in the Circuit Court of Miller County, Arkansas. A responsive pleading to the declaratory judgment action was never filed, and the Clerk entered a default against Separate Defendants on January 29, 2016. (ECF No. 13). On March 14, 2016, an attorney filed an Entry of Appearance on Separate Defendants' behalf and a motion to set aside the default. (ECF Nos. 15 and 16).

Separate Defendants move the court to set aside the entry of default pursuant to Federal Rule of Civil Procedure 60(b). Because no default judgment has been entered in this case, the Court will construe the motion as a motion to set aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c). Rule 55 states that the Court may grant a motion to set aside entry

---

[1] For purposes of this order, "Separate Defendants" refers to Paradise Club and Ismael Aranda.

of default upon a showing of good cause. Fed. R. Civ. P. 55(c). In determining whether good causes exists, "the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El–Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted).

In the present case, the Court finds that Separate Defendants' conduct was not blameworthy or culpable. Separate Defendants acknowledge being properly served with a summons and a copy of the complaint. Separate Defendants assert that Plaintiff previously assigned them an attorney for representation in the pending Miller County litigation. Separate Defendants state that they took the complaint to their insurance agent and were told that the complaint would be forwarded to the agent's attorney. Under these circumstances, it is clear that Separate Defendants' failure to timely answer was caused by their mistaken assumption that this attorney would respond to the complaint and not because of a willful refusal to defend against the action.

The second factor weighs against setting aside the entry of default as Separate Defendants have failed to establish a meritorious defense. "Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Id.* at 914 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)) (internal quotations omitted). A defaulting party must provide the Court with "sufficient elaboration of facts or evidence to permit the district court to determine whether, if believed, the defenses were meritorious." *Stephenson*, 524 F.3d at 915. In this case, Separate Defendants have failed to proffer a defense in their motion and simply provide an explanation for the failure to respond to the Plaintiff's complaint in a timely manner.

Finally, the Court finds that Plaintiff will not be prejudiced if the entry of default was set aside. It is well established that "prejudice may not be found from delay alone" and that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Johnson*, 140 F.3d at 785 (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir.1990)). There is no evidence that setting aside the entry of default would result in Plaintiff being affected by any of the above forms of prejudice.

After balancing the relevant factors, the Court finds that good cause exists to set aside the Clerk's entry of default in this case. Accordingly, Separate Defendants' motion to set aside entry of default (ECF No. 16) is **GRANTED**.  Separate Defendants shall have fourteen days from the date of this order to move or plead in response to Plaintiff's complaint.

IT IS SO ORDERED, this 7th day of September, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge